ORIGINAL FILED

07 JUL 23 PM 2: 17

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO DIST OF CA S.J.

E-FILING

1  Søren Andersen
   Postboks 1146
2  DK-1010 Copenhagen K
   Denmark
3  Phone: (650) 452-6180
   Fax: no fax number
4  Email: cali@mail.md  (not for service of documents)

5

6  SOREN ANDERSEN
   Plaintiff in pro se

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12  SOREN ANDERSEN,                    Case Number:
                                       C07 03766 PVT
13          Plaintiff,

14                                     COMPLAINT FOR DEFAMATION AND
                                       FIRST AMENDMENT VIOLATIONS
15      vs.
                                       BY FAX
16  MAIA YOUNG, an individual;
    STANFORD UNIVERSITY, a business
17  entity form unknown; and DOES 1-100,
    inclusive,
18
            Defendants
19  ___

20  **Notice to the Chief Judge** pursuant to Civil Local Rules 3-8(b) is required and herewith

21  given as the constitutionality of California Code of Civil Procedure § 425.16 and/or of

22  California Code of Civil Procedure § 425.16(c) is questioned, as described herein.

23  **Service on the Calfornia State Attorney General** pursuant to Civil Local Rules 3-8(b) is

24  required as the constitutionality of California Code of Civil Procedure § 425.16 and/or of

25  California Code of Civil Procedure § 425.16(c) is questioned, as described herein.

26

27                                       1

**Jurisdiction**: Federal Question: US Constitution First Amendment violations and complaint arising under the laws of the US, as set forth in this Complaint for Defamation and First Amendment Violations. (Diversity Jurisdiction).

**Venue and Intradistrict Assignment**: Assignment to the San Jose Division is proper as all Defendants' acts complained of by Plaintiff originated in Santa Clara County and/or the Santa Clara County Superior Court, 191 N. First Street, San Jose, CA 95113, USA and/or the California Court of Appeal, Sixth Appellate District, 333 West Santa Clara Street, San Jose, CA 95113, USA.

Plaintiff alleges:

**GENERAL FACT ALLEGATIONS**

1. Plaintiff SOREN ANDERSEN (hereinafter "Plaintiff" at all relevant times was a resident of the County of Santa Clara, California.

2. Defendant MAIA YOUNG (hereinafter "YOUNG"), at all relevant times, was a resident of the City of Menlo Park, County of San Mateo, California.

3. Defendant STANFORD UNIVERSITY (hereinafter "STANFORD"), at all relevant times, is and was a private university located in the County of Santa Clara, California.

4. Plaintiff is ignorant of the true names, capacities, and facts indicating the liability of, the defendants sued herein as Does 1 to 100, inclusive, and therefore sues them under fictitious names. If and as Plaintiff ascertains such names, capacities, and facts, Plaintiff will amend this complaint to so show.

5. Each Defendant was an agent and employee of every other Defendant, and, in acting as herein alleged, acted within the course and scope of said agency and employment.

6. Plaintiff, a private individual, is an accomplished scientist who has published in many of the most prestigious scientific journals in his field. On or about September, 2002, Plaintiff commenced post-graduate work at STANFORD. Plaintiff also joined STANFORD's Aerobics and Yoga Club ("Club") in the Fall of 2002, as well as outside yoga programs unaffiliated with STANFORD. Plaintiff never experienced any problems with any yoga program or instructor.

7. In the Fall of 2003, the Club experienced internal changes as a result of an instructor moving away. YOUNG thereafter replaced said instructor and commenced yoga instruction at the Club.

8. YOUNG initiated e-mail correspondence to a number of the Club's yoga students. Plaintiff was one of the students with whom YOUNG began communicating, and responded to the communications. Over the course of time, YOUNG's emails and other communications became flirtatious toward Plaintiff.

9. YOUNG invited Plaintiff to her home.

10. YOUNG invited Plaintiff to social events with her friends.

11. In November, 2003, YOUNG planned at least one Sunday 10 AM gathering with Plaintiff and a relative of Plaintiff as demonstrated by several e-mails between Plaintiff and YOUNG.

12. However, on November 13, 2003, prior to the planned Sunday gathering, YOUNG sent a strange, unintelligible e-mail to Plaintiff stating she would not appear and stating she preferred that she and Plaintiff refrained from any relationship beyond instructor/student at the Club. As a result, Plaintiff did not contact YOUNG.

13. In December 2003, YOUNG approached Plaintiff socially. Plaintiff ceased following yoga sessions at the Club during the winter semester of 2004. Plaintiff sent a highly acclaimed and well-received book entitled *The Good Women of China: Hidden*

*Voices* by Xinran to YOUNG in January, 2004. In March, 2004, Plaintiff sent at least one letter with a self-addressed stamped envelope enclosed to YOUNG requesting the return of the above-referenced book. YOUNG did not return the book. Finally, Plaintiff contacted YOUNG who then returned the book. Five days thereafter, Plaintiff sent YOUNG an e-mail acknowledging he had received the book.

14. Plaintiff sent an e-mail on March 26, 2004 to YOUNG speaking of yoga. In not hearing from Young, on April 2, 2004, plaintiff contacted YOUNG concerning yoga at the Club and YOUNG stated Plaintiff was welcome to attend. YOUNG subsequently requested that Plaintiff cease contacting her, and he did. On April 3, 2004, at the beginning of the spring semester, Plaintiff resumed once weekly yoga classes at the Club with YOUNG and another instructor, and he refrained from any contact or communication with YOUNG outside of attending her Yoga classes. During her Yoga classes, Plaintiff also refrained from communication with YOUNG, whereas YOUNG was sometimes flirtatious with Plaintiff and with other attendants. Plaintiff ignored such flirtations.

15. In mid May 2004, YOUNG reported to the San Mateo County Menlo Park police that some personal property of hers allegedly had been vandalized at her residence in San Mateo County, and Young and/or a friend(s) of Young's immediately speculated to the police that Plaintiff as the only suspect had committed the alleged vandalism. In addition, Young and/or Young's friend(s) speculated to the police that YOUNG felt uncomfortable with Plaintiff's attendance at her yoga classes at the Club and that she wanted Plaintiff to stop attending her yoga classes. The police then contacted Plaintiff, who fully and truthfully explained that he had absolutely nothing to do with the alleged vandalism and that he intended to continue following YOUNG's yoga classes at the Club. Satisfied with Plaintiff's explanation, the police neither

SOREN ANDERSEN

arrested nor sought prosecution of Plaintiff, suggested to Young to bring concerns concerning the yoga classes at the Club to STANFORD University's Department of Public Safety's attention, and ended its involvement.

16. In or about May or June, 2004, YOUNG informed various instructor colleagues at the Club and administrators employed by STANFORD of her contention that Plaintiff had both vandalized her personal property and was concerned about sexually harassing Young at her yoga sessions. Plaintiff met with the STANFORD personnel in the attempt to convince them that he in fact had nothing to do with the alleged vandalism, alleged that Young's conduct as yoga instructor was problematic and could potentially lead attendants to file sexual harassment charges, and he produced documentation corroborating his innocence, directly refuting the speculative and nebulous allegations by YOUNG, and illustrating Young's problematic instructor conduct.

17. The STANFORD personnel nonetheless unreasonably disregarded all information provided by Plaintiff, and credited YOUNG's unfounded allegations by taking punitive action against Plaintiff, namely barring him from being in the same vicinity as YOUNG while on the STANFORD campus, thereby excluding him from access to an entire geographical region of the campus, and barring him from attending any yoga classes at the Club or otherwise having any contact with anyone associated with the Club. In addition, the STANFORD administrators repeated YOUNG's allegations to STANFORD University's Department of Public Safety and other personnel, and characterized Plaintiff as a predator who must be reported to Stanford University's Department of Public Safety if he violated the above ban.

18. Plaintiff contacted attorney Paul Smoot (SBN 160787) who filed a complaint for defamation on July 13, 2004 in San Mateo County (case number CIV440547).

SOREN ANDERSEN

1  19. Upon service of the complaint around November 2004, Defendants' counsel refused to settle Plaintiff's complaint through the issuance of an apology and payment of Plaintiff's expenses incurred in connection with bringing the complaint.

20. Thereafter Defendants' attorneys, Jacob Sorensen (SBN 209134), Jason Catz (SBN 224205), Sarah Flanagan (SBN 70845), around November 2004 informed they grounded in an alleged move of Defendant YOUNG from Menlo Park to Los Angeles, just prior to the filing of the complaint in July 2004, were going to request a change of venue from San Mateo County to Santa Clara County, and in response to the complaint were going to submit a motion pursuant to California Code of Civil Procedure section 425.16 (the so-called anti-SLAPP statute).

21. In Santa Clara County, Attorney Michael Adams (SBN 47278) continued the case and did not oppose the request for a change of venue, and the complaint was transferred and filed at Santa Clara County on June 9, 2005 (case number 1-05-CV-042734).

22. Defendants prepared their anti-SLAPP motion, upon transfer of the case to Santa Clara in June 2005, and attorney Michael Adams filed a First Amended Complaint (FAC) at Santa Clara on July 15, 2005, and Defendants their anti-SLAPP motion on July 18, 2005.

23. Attorney Michael Adams did not present Plaintiff with any of the documents Defendants filed in connection with Defendants' anti-SLAPP motion.

24. Attorney Michael Adams only presented Plaintiff with documents filed on Plaintiff's behalf after the trial court had reached a decision on August 30, 2005.

25. Pursuant to California Code of Civil Procedure section 425.16, the Santa Clara County trial court granted Defendants' anti-SLAPP motion and denied Plaintiff's request to take depositions on August 30, 2005.

SOREN ANDERSEN

26. In granting Defendants' anti-SLAPP motion on August 30, 2005, the State trial Court in Santa Clara County prevented the issues raised by Plaintiff in Plaintiff's complaint for defamation (FAC) from being reached and evaluated.

27. Plaintiff obtained Defendants' records through attorney Eileen S. Kotler (SBN 83565) in the middle of October 2005.

28. Upon evaluation of Defendants' records, Plaintiff notified repeatedly, from October 26, 2005, attorney Michael Adams of his termination, for in pro per representation, and repeatedly provided attorney Michael Adams with a ready made substitution form.

29. Plaintiff appealed the granted anti-SLAPP motion and denial of Plaintiff's request to take depositions to California's State Court of Appeal in the sixth appellate district on October 26, 2005 (case number H029484).

30. Then, on November 1, 2005, attorney Michael Adams informed Defendants' had submitted a motion for attorneys' fees and costs, filed October 14, 2005, in the amount of $79,000 and $776.90 in costs (pursuant to California Code of Civil Procedure section 425.16(c)).

31. On Friday November 4, 2005 attorney Michael Adams faxed the signed substitution of attorney form, which was following seven notices of his substitution, and Plaintiff immediately had it filed on November 4, 2005 for in pro per representation.

32. On November 10, 2005, the trial court granted Defendants' $79,000 attorneys' fees and $776.90 in costs motion.

33. On January 6, 2006, Plaintiff appealed the granted $79,000 attorneys' fees and $776.30 costs motion and the dismissal of Plaintiff's case order, filed on December 22, 2005, to California's State Court of Appeal in the sixth appellate district (case number H029742)

1  34. On January 17, 2006 Plaintiff moved to consolidate H029484 and H029742.

2  35. Plaintiff filed the cases' record (two volumes) and Appellant's Opening Brief
3  (available at West Law), concerning Plaintiff's complaint for defamation pursuant to
4  California Civil Code § 44-46, with the State Court of Appeal on February 10, 2006.

5  36. The State Court of Appeal on March 14, 2006 denied Plaintiff's motion to
6  consolidate and stated the two appeals H029484, H029742 were to be considered
7  together only for the purpose of briefing, oral argument and decision.

8  37. The State Court of Appeal filed the February 10, 2006 provided cases record
9  and Appellant's Opening Brief on March 14, 2006.

10  38. Defendants filed Respondents Brief on April 13, 2006 (available at West Law).

11  39. Plaintiff filed Appellant's Reply Brief on May 3, 2006 (available at West Law).

12  40. On July 24, 2006, the State Court of Appeal requested simultaneous
13  Supplementary Letter Briefs, to discuss a July 20, 2006 California State Supreme Court
14  decision (case number SS131641), from Respondents and Appellant, and vacated the
15  H029484, H029742 submission until submission of the Supplementary Letter Briefs on
16  August 10, 2006.

17  41. The State Court of Appeal issued its opinion on November 6, 2006 (stamped
18  not to be published in official reports), and affirmed H029484 and reversed H029742.

19  42. Plaintiff filed Appellant's Petition for Rehearing on November 21, 2006
20  (available at West Law).

21  43. Appellant's Petition for Rehearing was denied on November 30, 2006.

22  44. Plaintiff filed a Petition for Review of H029484 at the California State Supreme
23  Court on December 12, 2006 (case number SS148839; available at West Law).

24  45. The Petition for Review of H029484 was denied on January 17, 2007.

25  46. At the Santa Clara County trial court, Defendants filed an attorneys' fees
26
27  8

1  motion pursuant to California Code of Civil Procedure section 425.16(c) in the amount of
2  $58.000 and costs of $36.30 on May 21, 2007.
3      47. The Santa Clara County trial court granted Defendants' motion, pursuant to
4  California Code of Civil Procedure section 425.16(c), for attorneys' fees in the amount of
5  $58,000 and costs of $36.30 on June 22, 2007.
6      48. The State Bar of California, on April 30, 2007 informed not to have found
7  breech of State Bar rules by the Plaintiff attorney and the defendants' attorneys
8  (Sorensen, Catz, Flanagan) complained of by Plaintiff (State Bar case number 07-12276).
9      49. The State Bar of California on April 30, 2007 informed that mere negligence by
10 an attorney under the laws of the State of California did not provide grounds for
11 discipline by the State Bar (State Bar case number 07-12276).
12     50. The State of California's Commission on Judicial Performance on May 30,
13 2007 informed that at it at its May 2007 meeting had determined not to take action with
14 respect to Plaintiff's complaint lodged following the California Supreme Court's ruling
15 on January 17, 2007.
16     51. The State of California's Commission on Judicial Performance on May 30,
17 2007 also stated that even a judicial decision or administrative act later determined to be
18 incorrect was not itself a violation of the Code of Judicial Ethics and was not
19 misconduct.
20     52. Now more than three years after the filing of Plaintiff's complaint it has as
21 described herein been through the entire California State Courts' system without the
22 issues raised by Plaintiff in Plaintiff's complaint for defamation having yet been reached
23 and evaluated.
24     53. Now more than three years after the filing of Plaintiff's complaint for
25 defamation the California State Courts have simply opined that Plaintiff's complaint for
26
27                                         9

SOREN ANDERSEN

1  defamation was a SLAPP, pursuant to California Code of Civil Procedure section 425.16,
2  and opinion which is wrong in Plaintiff's view, and the California State trial court in
3  Santa Clara has in addition agreed to that Plaintiff has to pay Defendants' attorneys'
4  fees in the amount of $58,000 and costs in the amount of $36.30 pursuant to California
5  Code of Civil Procedure section 425.16(c).
6
7                          **FIRST CAUSE OF ACTION**
8                                **(Defamation)**
9       54.  Plaintiff herein realleges Paragraphs 1 through 17, hereinabove, and the
10  allegations thereof, as though fully set forth herein, and en passant notes that the
11  complaints associated herewith, and at issue in this complaint, concern the events at
12  STANFORD in Santa Clara County.
13      55.  In publishing her allegation against Plaintiff to STANFORD personnel,
14  YOUNG knew the allegation to be false, or acted with reckless disregard for the truth or
15  falsity thereof.
16      56.  YOUNG's allegation that Plaintiff had vandalized her property was and is
17  emphatically false.
18      57.  STANFORD personnel republished YOUNG's allegation that Plaintiff had
19  vandalized her property, and furthermore published additional allegations that Plaintiff
20  was a predator who had harassed YOUNG and others.  At least 15-25 Club instructors,
21  in 10-15 disciplines with yoga being one of them, were informed twice in writing. In
22  doing so, the STANFORD personnel, including Assistant Dean Hsu and Associate
23  Dean Griffiths, knew or should have known the statements to be false, or acted with
24  reckless disregard for the truth or falsity thereof.
25      58.  The further allegations that Plaintiff was a predator who had not only
26
27                                      10

1  harassed YOUNG's property, but also harassed YOUNG and others, was and is
2  emphatically false.
3      59.  As a proximate result of Defendants' conduct, Plaintiff has been damaged in
4  his professional and personal reputation, and has furthermore suffered incalculable
5  economic loss as well as emotional distress.
6      60.  The aforementioned conduct of Defendants was intentional and done for the
7  purpose of depriving Plaintiff of his reputation, dignity, property, legal rights, and was
8  despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious
9  disregard of his rights, so as to justify an award of exemplary and punitive damages.
10
11
12                      **SECOND CAUSE OF ACTION**
13                           **(Defamation Per Se)**
14      61.  Plaintiff incorporates by reference Paragraphs 1 through 17 and 54 through
15  60 of this Complaint, and the allegations thereof, as though fully set forth herein above.
16      62.  The above allegations against Plaintiff were construable and in fact
17  construed by third parties hearing the allegations as constituting crimes allegedly
18  committed by Plaintiff, namely vandalism, sexual harassment and stalking.
19      63.  As a proximate result of Defendants' conduct, Plaintiff has been damaged in
20  his professional and personal reputation, and has furthermore suffered incalculable
21  economic loss and emotional distress.
22      64.  The aforementioned conduct of Defendants was intentional and done for the
23  purpose of depriving Plaintiff of his reputation, dignity, property, legal rights, and was
24  despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious
25  disregard of his rights, so as to justify an award of exemplary and punitive damages.
26
27                                      11

## THIRD CAUSE OF ACTION

(First Amendment violations)

65. Plaintiff herein alleges that Plaintiff's right pursuant to the US Constitution's First Amendment to petition government officials for a redress of grievances, and as Plaintiff has attempted to do in California as described in Paragraphs 18 through 53, herein above, has been violated in that the issues raised by Plaintiff in Plaintiff's complaint for defamation have not yet even been evaluated now more than three years after the filing of Plaintiff's complaint, and due to the application of the California Code of Civil Procedure section 425.16.

66. Plaintiff herein alleges that Plaintiff's right to petition government official for a redress of grievances pursuant to the US Constitution's First Amendment has been severely violated by the judgement to pay Defendants $58,036.30, pursuant to California Code of Civil Procedure section 425.16(c), and as the issues raised by Plaintiff in Plaintiff's complaint for defamation have not yet even been evaluated and the California State Courts having simply opined Plaintiff's complaint falls within the ambit of the California Code of Civil Procedure section 425.16.

67. Plaintiff holds the California Code of Civil Procedure section 425.16(c) to be unconstitutional, pursuant to the US Constitution's First Amendment, because people being subjected to California Code of Civil Procedure section 425.16(c) are asked to pay a prevailing party's attorneys' fees and costs and, most frequently, *without the issue(s) complained about having even been center stage* in the decision leading to a judgment of payment of the prevailing party's attorneys' fees and costs. Plaintiff therefore opines *the California Code of Civil Procedure section 425.16(c) should be removed from the California anti-SLAPP statute.*

SOREN ANDERSEN

## FOURTH CAUSE OF ACTION

**(right to petition)**

68. After more than three years in the entire California State Courts' system, without the issues raised by Plaintiff in Plaintiff's complaint for defamation having yet been evaluated, and additionally with a decision of payment of Defendants' attorneys' fees and costs in the amount of $58,036.30, Plaintiff is herewith filing this complaint, entitled Complaint for Defamation and First Amendment Violations, with this Federal Court's Government Officials for a redress of grievances as set forth herein above.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general, special, and punitive damages according to proof.
2. For Defendants' attorneys' fees and costs in the amount of $58,036.30.
3. For Plaintiff's attorneys' fees, filing fees and costs in the amount of $18,000.
4. For such other and further relief as this court deems just.

DATED: July 22, 2007

_Soren Andersen_
SOREN ANDERSEN
Plaintiff in pro se

| | |
|---|---|
| 1 | **Service List** |
| 2 | |
| 3 | California State Attorney General |
| 4 | 1300, I St.<br>Sacramento, CA 94244-2550 |
| 5 | |
| 6 | |
| 7 | Sarah G. Flanagan (SBN 70845) |
| 8 | Pillsbury, Winthrop LLP<br>PO Box 7880 |
| 9 | San Francisco, CA 94120-7880<br>USA |
| 10 | Phone: (415) 983-1190<br>Fax: (415) 983-1200 |
| 11 | Email: sarah.flanagan@pillburylaw.com<br>Attorney of record for Maia Young, et al.: Young, Stanford University, DOES 1-100. |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | 14 |