1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    SARAH G. FLANAGAN  70845
2   sarah.flanagan@pillsburylaw.com
    JASON A. CATZ  224205
3   jason.catz@pillsburylaw.com
    50 Fremont Street
4   Post Office Box 7880
    San Francisco, CA  94120-7880
5   Telephone: (415) 983-1000
    Facsimile: (415) 983-1200
6
    Attorneys for Defendants
7   STANFORD UNIVERSITY and MAIA YOUNG

8                  UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12  _____ )
                                 )
13  SOREN ANDERSEN,              )        No. C-07-03766 (JW)
                                 )
14                   Plaintiff,  )        STANFORD UNIVERSITY'S AND
                                 )        MAIA YOUNG'S NOTICE OF
15         vs.                   )        MOTION AND MOTION TO DISMISS
                                 )        FIRST AMENDED COMPLAINT
16  MAIA YOUNG, an individual; STANFORD ) PURSUANT TO FRCP 12(b)(1) AND
    UNIVERSITY, a business entity unknown; ) (6) AND MEMORANDUM OF
17  and DOES 1-100, inclusive,   )        POINTS AND AUTHORITIES IN
                                 )        SUPPORT THEREOF
18                   Defendant.  )
                                 )        Date:     November 19, 2007
19  _____ )        Time:     9:00 a.m.
                                 )        Dept.:    Courtroom 8
20                                        Judge:    Hon. James Ware

21

22

23

24

25

26

27

28

700784632v1                                        MOTION TO DISMISS
                                                   Case No. C-07-03766

1

# TABLE OF CONTENTS

2

3    I.    INTRODUCTION. .................................................................................2

4    II.    FACTUAL BACKGROUND. ...............................................................3

5    III.    PROCEDURAL HISTORY. .................................................................4

6    IV.    LEGAL ARGUMENT. .........................................................................7

7         A.    All of Plaintiff's Claims Are Barred By the *Rooker-Feldman*
              Doctrine. ....................................................................................7

8

9         B.    The Third and Fourth Causes of Action Should Be Dismissed......................9

10             1.    Plaintiff does not and cannot allege the requisite state action. ..........10

11             2.    The claim for violation of his right to freedom of association
                    also lacks a protected association and is time-barred. .......................12

12             3.    The Anti-SLAPP statute is constitutional.........................................13

13         C.    The First and Second Causes of Action Should Be Dismissed ...................14

14             1.    The Court lacks jurisdiction over the state law claims.....................14

15             2.    Plaintiff's state law defamation claims are barred by collateral
                    estoppel.......................................................................................15

16

       V.    CONCLUSION. .................................................................................17

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

3                                        <u>Cases</u>

4   *Allah v. Superior Court,*
   871 F. 2d 887, 891 (9th Cir. 1989) ......................................................... 8
5

6   *Bernardo v. Planned Parenthood Federation of America,*
   115 Cal. App. 4th 322, 357 (2004) ....................................................... 14

7   *Bianchi v. Rylaarsdam,*
   334 F. 3d 895, 901 (9th Cir. 2003) ...................................................... 7, 8
8

9   *Blouin v. Loyola University,*
   506 F. 2d 20, 22 (5th Cir. 1975) .......................................................... 11

10  *Branson v. Nott,*
   62 F. 3d 287, 291 (9th Cir. 1995) .......................................................... 8
11

12  *Church of Scientology v. Wollersheim,*
   42 Cal. App. 4th 628, 648 n. 4 (1996) ................................................. 13

13  *Dennis v. Sparks,*
   449 U.S. 24, 28 (1980) ........................................................................ 11
14

15  *District of Columbia v. Feldman,*
   460 U.S. 462, 482 (1983) ...................................................................... 7

16  *Dubinka v. Judges of the Superior Court,*
   23 F. 3d 218, 221 (9th Cir. 1994) .......................................................... 7
17

18  *Duffield v. Robertson Stephens & Co.,*
   144 F. 3d 1182, 1200 (9th Cir. 1998) ................................................. 10

19  *Equilon Enterprises, LLC v. Consumer Cause, Inc.,*
   29 Cal. 4th 53, 64 (2002) ............................................................... 13, 14
20

21  *Federacion,*
   410 F. 3d 17, 27 (1st Cir. 2005) ......................................................... 8, 9

22  *Foley v. Kennedy,*
   2004 U.S. Dist. LEXIS 10328 at *14-15 (N.D. Cal. 2004) ................... 11
23

24  *Greenya v. George Washington University,*
   512 F. 2d 556, 561 (D.C. App. 1975) .................................................. 11

25  *Henrichs v. Valley View Dev.,*
   474 F. 3d 609, 612-13 (9th Cir. 2006) ................................................... 7
26

27  *Hodge v. Mountain States Telephone and Telegraph Co.,*
   555 F. 2d 254, 261 (9th Cir. 1977) ...................................................... 15

28

1    *Hunter v. United Van Lines,*
          746 F. 2d 635, 649 (9th Cir. 1984) ..................................................... 14
2
    *IDK v. County of Clark,*
3          836 F. 2d 1185, 1191-92 (9th Cir. 1988) ............................................ 12

4    *Jones v. MacInnes,*
          1997 U.S. Dist. LEXIS 20688 at *5-6 (E.D. La. 1997) ........................ 12
5
    *Lafayette Morehouse v. Chronicle Publishing Co.,*
6          37 Cal. App. 4th 855, 864-68 (1995) .................................................. 13

7    *Lucido v. Superior Court,*
          51 Cal. 3d 335, 341 (1990) ................................................................. 15
8
    *Lugar v. Edmonson Oil Co.,*
9          457 U.S. 922, 941 (1982) .............................................................. 10, 11

10   *Menard v. Board of Trustees of Loyola University,*
          2004 U.S. Dist. LEXIS 4597 at *5 (E.D. La. 2004) ............................. 11
11
    *Mothershed v. Justices of Supreme Court,*
12          410 F3d 602, 604 fn. 1 (9th Cir. 2005) ................................................. 8

13   *People v. Health Laboratories of North America,*
          87 Cal. App. 4th 442, 449 (2001) ....................................................... 13
14
    *Roberts v. United States Jaycees,*
15          468 U.S. 609 (1984) ........................................................................... 12

16   *Rooker v. Fidelity Trust Co.,*
          263 U.S. 413, 415-16 (1923) ................................................................. 7
17
    *Sandoval v. Superior Court,*
18          140 Cal. App. 3d 932, 936 (1983) ...................................................... 17

19   *Scott v. Pasadena Unified School Dist.,*
          306 F. 3d 646, 664 (9th Cir. 2002) ..................................................... 14
20
    *Spark v. Catholic University,*
21          510 F. 2d 1277, 1281-82 (1975) ......................................................... 11

22   *Tulsa Professional Collection Services,*
          485 U.S. 478, 485 (1988) ................................................................... 11
23
    *United States ex rel. Newsham v. Lockheed Missiles and Space Co.,*
24          190 F. 3d 963, 971 (9th Cir. 1999) ..................................................... 14

25   *Varian Medical Systems, Inc. v. Delfino,*
          35 Cal. 4th 180, 193 (2005) ............................................................ 9, 16
26
    *Vess v. Ciba-Geigy Corp.,*
27          317 F. 3d. 1097, 1110 (9th Cir. 2003) ............................................ 14, 15

28

1  *Western Center for Journalism v. Cederquist,*
        235 F. 3d 1153, 1156 (9th Cir. 2000) ....................................................... 13

2  *Wilson v. Hilton,*
3        2000 U.S. Dist. LEXIS 22685 at *8 (N.D. Cal. 2000) ............................. 11

4  *Worldwide Church of God v. McNair,*
        805 F. 2d 888, 891 (9th Cir. 1995) ............................................................ 8

5                                    Statutes and Codes

6  California Code of Civil Procedure
7        Section 425.16 ................................................................................... 1, 2, 4, 16

8  California Code of Civil Procedure
        Section 425.16(c) ......................................................................................... 5
9
   United States Code
10       Title 28, section 1257 ................................................................................ 8, 9

11                                  Rules and Regulations

12 Federal Rule of Civil Procedure
        Rule 12(b)(1) ................................................................................................. 1
13
   Federal Rule of Civil Procedure
14       Rule 12(b)(6) ................................................................................................. 1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                  **NOTICE OF MOTION AND MOTION**

2        TO SOREN ANDERSEN:

3        NOTICE IS HEREBY GIVEN THAT on November 19, 2007, at 9:00 a.m., or as

4 soon thereafter as the matter may be heard in the courtroom of the Honorable James Ware

5 (Courtroom 8) of the above-entitled Court, located at 280 South First Street, San Jose,

6 California, Defendants STANFORD UNIVERSITY ("Stanford") and MAIA YOUNG

7 ("Young") will and hereby do move the Court for an order dismissing, without leave to

8 amend, all claims alleged in Plaintiff SOREN ANDERSEN's First Amended Complaint for

9 Defamation and Violation of First Amendment Rights.  This motion is made under Federal

10 Rule of Civil Procedure 12(b)(1) and (6) on the grounds that:

11        1.     The Court does not have jurisdiction over Plaintiff's claims because they are

12 barred by the *Rooker-Feldman* doctrine;

13        2.     Plaintiff has not alleged and cannot allege that private defendants Stanford

14 and Young were state actors who may be held liable for alleged violations of Plaintiff's

15 constitutional rights to petition the government for redress of grievances and/or to freedom

16 of association;

17        3.     Plaintiff has not alleged and cannot allege a constitutionally protected

18 "association" as the basis for the claimed violation of his right to freedom of association;

19        4.     Plaintiff's claim that his right to freedom of association was violated is time-

20 barred;

21        5.     California Code of Civil Procedure § 425.16 ("the Anti-SLAPP statute") is

22 constitutional;

23        6.     The Court does not have pendent jurisdiction over Plaintiff's state law

24 claims in the absence of his federal constitutional claims; and

25        7.     Plaintiff's state law defamation claims are barred by collateral estoppel.

26        This motion will be based on this Notice of Motion and Motion, the attached

27 Memorandum of Points and Authorities, the Declaration of Jason Catz and attachments

28 thereto filed jointly herewith, the defendants' Request for Judicial Notice and attachments

1    thereto filed jointly herewith, and on all the records and files in this action and all additional

2    matters of which the Court may take judicial notice.

3

4                    **MEMORANDUM OF POINTS AND AUTHORITIES**

5           I.      INTRODUCTION.

6           Plaintiff owes defendants $58,036.30 in fees and costs to reimburse some of the

7    expenses to which he put them in successfully defending themselves against the baseless

8    claims he pursued against them in the California courts.  He claimed that statements made

9    in the course of a police investigation and in banning him from Stanford yoga classes

10   because of his harassing conduct towards Defendant Maia Young, a female student-

11   instructor, were defamatory.  Plaintiff has not paid any part of the fee award.  Instead, he is

12   seeking a "do over".  He has filed the same defamation claims in this Court, with a

13   constitutional challenge to the Anti-SLAPP statute and a claim that the constitutional right

14   to freedom of association covers a yoga class taught by Maia Young added to give him an

15   argument that the Court has jurisdiction to review the defamation claims.

16          Plaintiff's efforts to relitigate claims resolved against him in the California state

17   courts should be rejected.  Each cause of action should be dismissed without leave to

18   amend.  As discussed below, the Court does not have jurisdiction over Plaintiff's claims

19   because they are barred by the *Rooker-Feldman* doctrine; Plaintiff has not alleged and

20   cannot allege that private defendants Stanford and Young were state actors who may be

21   held liable for alleged violations of Plaintiff's constitutional rights to petition the

22   government for redress of grievances and/or to freedom of association; Plaintiff has not

23   alleged and cannot allege a constitutionally protected "association" as the basis for the

24   claimed violation of his right to freedom of association; Plaintiff's claim that his right to

25   freedom of association was violated is time-barred; California Code of Civil Procedure §

26   425.16 ("the Anti-SLAPP statute") is constitutional; the Court does not have pendent

27   jurisdiction over Plaintiff's state law claims in the absence of his federal constitutional

28   claims; and Plaintiff's state law defamation claims are barred by collateral estoppel.

1    II.    FACTUAL BACKGROUND.

2        A detailed factual history of Plaintiff Soren Andersen's interactions with Stanford

3    and Maia Young can be read at *Andersen v. Young*, H029484 and H029742 (Cal. Ct. App.

4    6th District, filed November 6, 2006) ("Cal. App. Decision") (attached as Exhibit C to the

5    Stanford University's and Maia Young Request for Judicial Notice in Support of Motion to

6    Dismiss First Amended Complaint Pursuant to FRCP 12(b)(1) and (6) ("Request for

7    Judicial Notice") filed herewith), pp. 3-8.    In summary, Plaintiff began participating in

8    Stanford Aerobics and Yoga club ("SAY") classes taught by Young, a Stanford Ph.D.

9    student, in the Fall of 2003.  Plaintiff pursued a relationship with Young, asserting that she

10   had conveyed an interest in him.  Despite Young's requests that Plaintiff stop contacting

11   her, Plaintiff continued to contact Young, attend her classes and make her feel

12   uncomfortable. Cal. App. Decision, pp. 3-4; First Amended Complaint for Defamation and

13   First Amendment Violations ("Amended Federal Complaint"), ¶¶ 13-14.

14       In May 2004, Young's car was vandalized at her home in Menlo Park, California.

15   Young reported the incident to the Menlo Park Police Department.  The investigating

16   officer asked Young if she had any conflict with anyone or thought anyone had behaved

17   oddly toward her.  In response, Young described her various contacts with Plaintiff.  The

18   officer contacted Plaintiff to talk about the vandalism and his unwanted contacts with

19   Young.  The officer recommended that Plaintiff stay away from Young and stop attending

20   her classes.  Plaintiff refused, and the officer so informed Young, suggesting that she bring

21   her concerns to the attention of Stanford and the Stanford police to get assistance in

22   banning Plaintiff from her yoga classes.  She did so.  Cal. App. Decision, p. 4; Amended

23   Federal Complaint, ¶ 15.

24       Thereafter, Stanford representatives met with Plaintiff about his contacts with

25   Young and banned Plaintiff from the yoga classes and the Stanford facilities where the

26   classes were held.  The Stanford representatives informed the Stanford Police and certain

27   Stanford employees (yoga instructors) about the ban.  Cal. App. Decision, pp. 5-8;

28   Amended Federal Complaint, ¶¶ 17-19.

1    III.    <u>PROCEDURAL HISTORY</u>.

2    On July 13, 2004, Plaintiff sued Stanford and Young for defamation in San Mateo

3    County Superior Court, and the case was eventually transferred to the Santa Clara County

4    Superior Court on June 9, 2005 (the "State Court Action"). Amended Federal Complaint,

5    ¶¶ 20, 23. Plaintiff filed his First Amended Complaint For Defamation ("State Complaint")

6    on July 15, 2005, complaining that Young informed police that her car had been vandalized

7    and that the police had contacted him about the incident. State Complaint (Request for

8    Judicial Notice, Ex. A), ¶ 15. He also alleged that Young told Stanford that Plaintiff was a

9    predator and had vandalized her property and that Stanford, in turn, republished those

10   allegations to its employees. *Id.*, at ¶¶ 19-22.

11   Defendants filed a motion to strike Plaintiff's complaint pursuant to California Code

12   of Civil Procedure § 425.16 ("Anti-SLAPP statute"), arguing that Plaintiff's State Court

13   Action was a strategic lawsuit against public participation (a "SLAPP" suit). Statement of

14   Decision; Order (filed August 31, 2005) ("Anti-SLAPP Order") (Request for Judicial

15   Notice, Ex. B), p. 1. Plaintiff had more than a year to investigate the facts that would

16   support his State Complaint. Amended Federal Complaint, ¶ 20 (noting the State Court

17   Action was filed July 13, 2004—more than a year before the Anti-SLAPP motion).

18   Plaintiff was represented by counsel when his opposition to the Anti-SLAPP motion was

19   filed, and his counsel argued against the motion at the August 30, 2005 hearing. (Plaintiff

20   did not raise any concerns about the constitutionality of the Anti-SLAPP statute or his

21   claimed constitutional right to freedom of association in the yoga class in his opposition

22   papers or at the hearing.) The record refutes Plaintiff's present contention that the State

23   Court Action was decided without considering the merits of his defamation claims.

24   Plaintiff had the opportunity to submit evidence sufficient to establish his prima facie case,

25   but he failed to do so. Anti-SLAPP Order, p. 2.

26   The Santa Clara County Superior Court granted the Anti-SLAPP motion on

27   August 31, 2005, holding "[t]he alleged statements by Young to Stanford colleagues and

28   administrators and by Stanford administrators to campus police and other personnel are

1   protected speech because they are statements made in connection with an issue under

2   consideration or review by an official proceeding authorized by law." *Id.*, at p. 2. That

3   court also held that Plaintiff had the burden to establish with admissible evidence the

4   probability that he would prevail on his claim but that he "provided no evidence to show

5   that he can prevail on his causes of action." *Id.*

6        Defendants filed a motion for the award of attorneys' fees and costs required by

7   Code of Civil Procedure section 425.16(c), which was granted and the order entered on

8   December 22, 2005. Cal. App. Decision, p. 10.

9        Plaintiff appealed both the Anti-SLAPP Order and the December 22, 2005 fee order.

10  Amended Federal Complaint, ¶¶ 31-35. Plaintiff did not challenge the constitutionality of

11  the Anti-SLAPP statute or claim that defendants violated his right to freedom of association

12  in his appeal papers. On November 6, 2006, the Sixth Appellate District for the California

13  Court of Appeal affirmed the Anti-SLAPP Order and the decision to award attorneys' fees

14  and costs. Cal. App. Decision, pp. 1-2. The Sixth Appellate District remanded the Fee

15  Order for reconsideration of the amount of the award of fees and costs, directing that it

16  should not include any time spent on litigation activities other than the actual Anti-SLAPP

17  motion. *Id.*, at pp. 24-25.

18       Plaintiff filed a petition for review by the California Supreme Court, which was

19  denied on January 17, 2007. *See* January 17, 2007 Order Denying Petition for Review

20  ("Cal. Supreme Court Order") (Request for Judicial Notice, Ex. D), p. 1. Defendants

21  subsequently filed a motion proposing recalculation of the attorneys' fees and costs to

22  comply with the remand, which was granted on June 22, 2007. Plaintiff was ordered to pay

23  Stanford $58,036.30 in fees and costs. Amended Federal Complaint, ¶ 48; June 22, 2007

24  Order Granting Motion for Attorneys' Fees Pursuant to CCP 425.16 On Remand (Request

25  for Judicial Notice, Ex. E), pp. 1-2.

26       Plaintiff apparently thereafter submitted complaints to the State Bar of California

27  about all three defense attorneys and his own counsel and to the California Commission on

28  Judicial Performance (presumably about one or more of the judges who ruled in

1  defendants' favor). *See* Amended Federal Complaint, ¶¶ 50-53. No action was taken in

2  response to any of them. Amended Federal Complaint, ¶¶ 51, 53.

3       Plaintiff initiated this action on July 23, 2007 with a complaint alleging four causes

4  of action. The first two causes of action for defamation are lifted nearly word-for-word

5  from the State Complaint. Indeed, of the eleven paragraphs setting forth the defamation

6  causes of action in the initial federal complaint, nine paragraphs are nearly identical to

7  those appearing in the State Complaint and the other two paragraphs contain only modest

8  changes. *Compare* Complaint for Defamation and Violation of First Amendment Rights

9  ("Initial Federal Complaint"), ¶¶ 54-64 *with* State Complaint, ¶¶ 18-28. Similarly, the first

10 seventeen paragraphs of the federal complaint (setting forth the factual allegations) are

11 nearly identical to the first seventeen paragraphs of the State Complaint, with the exception

12 of three slightly revised paragraphs. *Compare* Initial Federal Complaint, ¶¶ 1-17 *with* State

13 Complaint, ¶¶ 1-17. The third cause of action alleged that the decision to strike his State

14 Complaint and award defendants their mandatory attorneys' fees violated his right to

15 petition the government for redress of grievances. Initial Federal Complaint, ¶¶ 65-67. His

16 fourth cause of action also claimed violation of his right to petition the government for

17 redress of grievances. Initial Federal Complaint, ¶ 68.

18      On August 21, 2007, Plaintiff filed a Notice of Appeal indicating that he intends to

19 appeal the state court's calculation of the attorneys' fees and costs on remand. *See*

20 Amended Federal Complaint, ¶ 56. *That same day*, Plaintiff filed his Amended Federal

21 Complaint, pointing out that he had filed the Notice of Appeal in the State Court Action,

22 among other changes. *Id.* While Plaintiff's factual allegations in the Amended Federal

23 Complaint still recite the same facts presented in the State Complaint, he added allegations

24 that he personally disclosed the details of his conflict with Young to certain members of the

25 SAY staff and the Stanford administration and attached as exhibits some of his

26 communications with Young and other Stanford personnel and the notes he took of

27 Young's classes. Amended Federal Complaint, ¶¶ 18-19 and Exs. 1-6, 8-12. He also added

28

1  an alleged violation of his constitutional right to freedom of association to the third cause of

2  action for alleged violation of the First Amendment.  Amended Federal Complaint, ¶ 69.

3      IV.    LEGAL ARGUMENT.

4      A.    All of Plaintiff's Claims Are Barred By the *Rooker-Feldman* Doctrine.

5          Plaintiff alleges that dismissal of the State Court Action was unlawful in that it

6  violated his First Amendment rights to petition for redress of grievances and freedom of

7  association.  Amended Federal Complaint, ¶¶ 69-73.  He asks this Court to ignore the trial

8  court judgment, to re-hear the defamation claims adjudicated in the State Court Action, and

9  to award him damages in the amount of the attorneys' fees and costs he owes to defendants

10  (but has not paid).  Amended Federal Complaint, ¶¶ 57-73 and 14:17-21 (prayer for relief).

11  The Court lacks jurisdiction to hear these claims.  They are barred by the *Rooker-Feldman*

12  doctrine.

13          Federal district courts may only exercise original jurisdiction.  They may not

14  exercise appellate jurisdiction over state court decisions.  *District of Columbia v. Feldman*,

15  460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923);

16  *Dubinka v. Judges of the Superior Court*, 23 F. 3d 218, 221 (9th Cir. 1994).  The *Rooker-*

17  *Feldman* doctrine bars the subsequent federal court case if, as here, plaintiff (1) has lost in

18  state court, (2) complains of injuries caused by the state court judgment and (3) asks the

19  district court to review and reject that final state court judgment.  *See Henrichs v. Valley*

20  *View Dev.*, 474 F. 3d 609, 612-13 (9th Cir. 2006).  The doctrine bars review even if a

21  plaintiff challenges the state court's action as unconstitutional.  *Bianchi v. Rylaarsdam*, 334

22  F. 3d 895, 901 (9th Cir. 2003) ("*Rooker-Feldman* doctrine is not limited to claims that were

23  actually decided by the state courts, but rather it precludes review of all state court

24  decisions in particular cases arising out of judicial proceedings even if those challenges

25  allege that the state court's action was unconstitutional.  Stated plainly, '*Rooker-Feldman*'

26  bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of

27  whether the state-court proceeding afforded the federal-court plaintiff a full and fair

28

1   opportunity to litigate her claims.").[1]  A federal plaintiff does not avoid the *Rooker-*

2   *Feldman* bar by styling an attack on a state court's ruling as a constitutional or civil rights

3   action.  *Branson v. Nott*, 62 F. 3d 287, 291 (9th Cir. 1995); *Worldwide Church of God v.*

4   *McNair*, 805 F. 2d 888, 891 (9th Cir. 1995); *Allah v. Superior Court*, 871 F. 2d 887, 891 (9th

5   Cir. 1989).

6         Plaintiff's recent Notice of Appeal of the trial court's *calculation* of attorneys' fees

7   and costs on remand does not change the analysis.  The substantive rulings on the Anti-

8   SLAPP motion and defendants' entitlement to mandatory fees and costs are final.

9   "Proceedings end for *Rooker-Feldman* purposes when the state courts finally resolve the

10   issue that the federal court plaintiff seeks to relitigate in a federal forum, even if other

11   issues remain pending at the state level."  *Mothershed v. Justices of Supreme Court*, 410

12   F3d 602, 604 fn. 1 (9th Cir. 2005) (relevant portion of June 6, 2005 opinion amended on

13   July 21, 2005 at 2005 U.S. App. LEXIS 14804 at *1).  "[I]f a state court decision is final

14   enough that the Supreme Court *does* have jurisdiction over a direct appeal, then it is final

15   enough that a lower federal court *does not* have jurisdiction over a collateral attack on that

16   decision."  *Federacion*, 410 F. 3d 17, 27 (1st Cir. 2005).  Plaintiff did not raise the

17   constitutionality of the Anti-SLAPP statute in the State Court Action, so there were no

18   federal issues for him to appeal to the U.S. Supreme Court pursuant to 28 U.S.C. § 1257

19   jurisdiction.  "Final judgments may be reviewed…where the validity of a statute of any

20   State is drawn in question on the ground of its being repugnant to the Constitution."  *See* 28

21   U.S.C. § 1257.  Even if he had raised such a challenge, the state proceedings ended for

22   *Rooker-Feldman* purposes when the California Supreme Court denied review of his appeal

23   of the substantive rulings on the Anti-SLAPP motion and the entitlement to fees and costs.

24   Cal. Supreme Court Order, p. 1.  At that point, any constitutional challenges to the Anti-

25

26   [1]  This is true even in the instance in which plaintiff, as here, did not assert a constitutional
challenge in the state court action, raising it for the first time in the district court.  In

27   *Bianchi*, the Ninth Circuit held that the *Rooker-Feldman* doctrine bars attacks on state
court judgments even when based on constitutional rights not addressed by the state court.

28   *See Bianchi*, 334 F. 3d at 900-01.

1    SLAPP statute would have been appealable to the United States Supreme Court under 28

2    U.S.C. § 1257.  The decision to grant the Anti-SLAPP motion and award mandatory fees

3    and costs was conclusively decided at that time. *See Federacion*, 410 F. 3d at 25-26.  The

4    only issue left on remand was how *to calculate the amount* of the mandatory attorneys' fees

5    and costs.[2]

6          This is a classic *Rooker-Feldman* case.  The first two causes of action seek to

7    relitigate the two state law defamation claims from the State Court Action.  Amended

8    Federal Complaint, ¶¶ 57-68.  Indeed, of the twenty-eight paragraphs comprising the State

9    Complaint, twenty-three of them appear almost word-for-word in the Amended Federal

10   Complaint and the other five paragraphs appear with modest revisions.  The third and

11   fourth causes of action ask the Court to decide that the Anti-SLAPP statute used to strike

12   his State Complaint is unconstitutional because the State Complaint was adjudicated

13   without deciding the merits of his defamation claims.[3]  Amended Federal Complaint,

14   ¶¶ 69-73.  He requests damages purportedly caused by the state court's judgment (i.e., the

15   amount of the attorneys' fees awarded in state court, though he has not paid them). *Id.*, at

16   ¶¶ 69-73 and 14:17-21 (prayer for relief). The *Rooker-Feldman* doctrine bars his collateral

17   attack on the state court judgment.  If the Court agrees, there is no need to consider the

18   alternative bases for dismissal of each cause of action discussed below.

19         B.    The Third and Fourth Causes of Action Should Be Dismissed.

20         Plaintiff's third and fourth causes of action allege two constitutional violations.

21   Both the third and fourth causes of action allege that the defendants violated his right to

22   petition for redress of grievances because they used the Anti-SLAPP statute to strike his

23   _____

24   [2] Any argument by Plaintiff that *Rooker-Feldman* requires a final judgment in all respects, including the amount of fees, is unavailing for the reasons discussed above.  But it also

25   would fail to get Plaintiff where he wants to go because, even if successful, it should lead to a stay of this action in recognition of the fact that the same issues are already the

26   subject of another action that has been pending since 2004.

27   [3] To the contrary, a decision on an Anti-SLAPP motion results in a dismissal on the merits. *Varian Medical Systems, Inc. v. Delfino*, 35 Cal. 4th 180, 193 (2005) ("granting a motion

28   to strike under section 425.16 results in the dismissal of a cause of action on the merits.")

1    State Complaint and obtain an order requiring him to pay attorneys' fees and costs.  *See*

2    Amended Federal Complaint, ¶¶ 69-73 (third cause of action alleges "right to petition for

3    redress of grievances…has been violated" while the fourth cause of action is titled "right to

4    petition").    The third cause of action also includes the allegation that Stanford's decision

5    to ban him from the yoga classes and the facilities in which they are held violated his First

6    Amendment right to freedom of association.  *See* Amended Federal Complaint, ¶ 69.

7    Plaintiff has not plead a sustainable federal claim based on the violation of his rights to

8    petition or to freedom of association.  The third and fourth causes of action must be

9    dismissed without leave to amend.

10           1.      <u>Plaintiff does not and cannot allege the requisite state action.</u>

11           Redress for violation of a constitutional right requires some type of state action on the

12   part of the defendant.  "[A] 'threshold requirement of any constitutional claim is the

13   presence of state action.'"  *Duffield v. Robertson Stephens & Co.*, 144 F. 3d 1182, 1200 (9th

14   Cir. 1998)(disapproved on other grounds).  Typically, the requisite state action is performed

15   by an official government agency or state officer.  The conduct of private parties may be

16   only considered state action if "their actions can be 'fairly attributable' to the state."  *Id*.  A

17   private party's conduct can constitute state action where "[p]rivate persons, jointly engaged

18   with state officials in the prohibited action, are acting 'under color' of law for purposes of

19   the statute.  To act 'under color' of law does not require that the accused be an officer of the

20   State.  It is enough that he is a willful participant in joint activity with the State or its

21   agents."  *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 941 (1982).

22           Plaintiff alleges that the use of the Anti-SLAPP statute in the State Court Action

23   violated his right to petition.  However, he does not and cannot allege that Stanford and

24   Young participated in joint activity with the state in enacting or enforcing the Anti-SLAPP

25   statute.  Filing a motion or seeking other remedies available through litigation does not

26   establish the state action necessary to maintain a constitutional claim.  "With respect to

27   [private defendant] Wilson, the only possible allegation of state action the court can discern

28   is pursuit of legal remedies through litigation in state court.  It is well established that the

1    pursuit of state-created remedies by a private litigant does not constitute state action."

2    *Wilson v. Hilton*, 2000 U.S. Dist. LEXIS 22685 at *8 (N.D. Cal. 2000). "The mere filing of

3    a lawsuit certainly does not invoke the 'overt, significant assistance of state officials.' To

4    hold otherwise would convert all plaintiffs in civil actions, no matter what the

5    circumstances, into state actors for constitutional purposes. The Court cannot agree with

6    such a sweeping and implausible proposition." *Foley v. Kennedy*, 2004 U.S. Dist. LEXIS

7    10328 at *14-15 (N.D. Cal. 2004) (citations omitted).

8        "Merely resorting to the courts and being on the winning side of a lawsuit does not

9    make a party a co-conspirator with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980);

10    *See also Lugar*, 457 U.S. at 937 ("without a limit [on who qualifies as a state actor] private

11    parties could face constitutional litigation whenever they seek to rely on some state rule

12    governing their interactions with the community surrounding them"). *Tulsa Professional*

13    *Collection Services*, 485 U.S. 478, 485 (1988) (private use of state sanctioned private

14    remedies or procedures does not rise to the level of state action).

15        Plaintiff also does not (and cannot) allege that Stanford participated in joint activity

16    with the state in barring him from yoga classes and the facilities in which they take place,

17    allegedly in violation of his right to freedom of association. *See* Amended Federal

18    Complaint, ¶ 69. He concedes that Stanford is a private university. *See* Amended Federal

19    Complaint, ¶ 3. Private universities are not state actors in the absence of joint activity

20    between the university and the state. *See Greenya v. George Washington University*, 512 F.

21    2d 556, 561 (D.C. App. 1975) (no state action in the absence of any showing of control of

22    the private university's action by the state); *Blouin v. Loyola University*, 506 F. 2d 20, 22

23    (5th Cir. 1975) (record failed to disclose any nexus between the alleged unconstitutional

24    activity and the purported state or federal government involvement); *Spark v. Catholic*

25    *University*, 510 F. 2d 1277, 1281-82 (1975) ("it is necessary to show that the Government

26    exercise some form of control over the actions of the private [university]"); *Menard v.*

27    *Board of Trustees of Loyola University*, 2004 U.S. Dist. LEXIS 4597 at *5 (E.D. La. 2004)

28    ("Courts have consistently found that private universities are not state actors"); *Jones v.*

1   *MacInnes*, 1997 U.S. Dist. LEXIS 20688 at \*5-6 (E.D. La. 1997) (dismissing student's 42

2   U.S.C. § 1983 claims against Tulane University, a private university, due to lack of state

3   action).  Plaintiff alleges that it was Stanford that banned him from the yoga class and

4   facilities.  Amended Federal Complaint, ¶ 19 ("The STANFORD officials nonetheless

5   unreasonably disregarded all information provided by Plaintiff…barring him from being in

6   the same vicinity as YOUNG while on the STANFORD campus, thereby excluding him

7   from access to an entire geographical region of the campus, and barring him from attending

8   any yoga classes at the Club or otherwise having any contact with anyone associated with

9   the Club.")  He has not alleged any state action to support his freedom of association claim.

10      Stanford and Young are not state actors against whom Plaintiff can pursue his

11   constitutional claims simply because they filed a successful Anti-SLAPP motion and/or

12   banned him from their private property.  The third and fourth causes of action for alleged

13   violation of his right to petition and his right to freedom of association should be dismissed

14   without leave to amend for failure to meet the state action requirement.

15      2.   <u>The claim for violation of his right to freedom of association also lacks a</u>

16           <u>protected association and is time-barred.</u>

17      In addition to failing to plead state action, Plaintiff fails to allege a constitutionally

18   protected "association" and, on the face of the complaint, has waited too long to assert such

19   a violation in any event.

20      The constitutional right to freedom of association protects two distinct types of

21   associations: highly personal relationships protected by the Fourteenth Amendment (e.g.,

22   marriage) and those explicitly listed in the first amendment (speaking, worshipping, and

23   petitioning the government).  *IDK v. County of Clark*, 836 F. 2d 1185, 1191-92 (9th Cir.

24   1988) (citing *Roberts v. United States Jaycees*, 468 U.S. 609 (1984)).  Plaintiff's allegation

25   that he was denied the opportunity to participate in a yoga class allegedly open to the public

26   does not involve any of these protected associations.  This claim in the third cause of action

27   fails on this ground alone.

28

1    The statute of limitations for a *Bivens* claim for personal damages resulting from the

2    violation of a constitutional right is one year.  *Western Center for Journalism v. Cederquist,*

3    235 F. 3d 1153, 1156 (9th Cir. 2000).  Plaintiff has known that he was banned from the

4    SAY facilities since May 2004.  Amended Federal Complaint, ¶¶ 18-20.  The time for him

5    to sue on this cause of action passed long ago.  This claim in the third cause of action must

6    be dismissed on this ground alone.

7        3.    The Anti-SLAPP statute is constitutional.

8    The California Supreme Court has held that the Anti-SLAPP law does not

9    unconstitutionally burden the right to petition, which "is not absolute, providing little or no

10   protection for baseless litigation." *Equilon Enterprises, LLC v. Consumer Cause, Inc.,* 29

11   Cal. 4th 53, 63-64 (2002) (quoting *Church of Scientology v. Wollersheim,* 42 Cal. App. 4th

12   628, 648 n. 4 (1996)).  *Equilon Enterprises* held that the Anti-SLAPP statute is merely a

13   procedural device to winnow out unmeritorious actions; it "subjects to potential dismissal

14   only those causes of action as to which the plaintiff is unable to show a probability of

15   prevailing on the merits," and "provides an efficient means of dispatching, early on in the

16   lawsuit, a plaintiff's meritless claims." *Id.,* 29 Cal. 4th at 63;[4] *see also* earlier opinions to

17   the same effect from courts of appeal: *Lafayette Morehouse v. Chronicle Publishing Co.,* 37

18   Cal. App. 4th 855, 864-68 (1995) ("[S]*ection 425.16* does not bar a plaintiff's complaints

19   that arise from another person's exercise of his or her free speech or petition rights, 'but

20   only provides a mechanism through which such [plaintiff's] complaints can be evaluated at

21   an early stage in the litigation process.'") (superseded on other grounds); *People v. Health*

22   *Laboratories of North America,* 87 Cal. App. 4th 442, 449 (2001) ("the [Anti-]SLAPP

23   statute does not in essence impinge upon or implicate the fundamental right of free

24   speech").

25

26   [4]    The California Supreme Court also upheld the constitutionality of the statute's fee
     shifting provisions. *See Equilon Enterprises,* 29 Cal. 4th at 63-64 ("[Plaintiff] fails to
27   persuade that such a fee-shifting provision overburdens those who exercise the First
     Amendment right of petition by filing lawsuits").
28

1    In *Bernardo v. Planned Parenthood Federation of America*, the plaintiff argued that

2    the motion to strike violated her First Amendment right to petition the government for

3    redress of grievances. *Bernardo v. Planned Parenthood Federation of America*, 115 Cal.

4    App. 4th 322, 357 (2004) . Relying on *Equilon Enterprises*, the *Bernardo* court held that

5    "the anti-SLAPP statute did not prevent Bernardo from making a meritorious claim; it

6    properly prevented her from continuing to prosecute her meritless SLAPP suit.  The

7    application of *section 425.16* in this matter did not violate [plaintiff's] *First Amendment*

8    rights." *Bernardo*, 115 Cal. App. 4th at 358 (emphasis in original).

9    The Ninth Circuit has affirmed federal district court orders granting special motions

10    to strike complaints under the Anti-SLAPP statute without discerning any constitutional

11    problem in the statute.  *See Vess v. Ciba-Geigy Corp.*, 317 F. 3d. 1097, 1110 (9th Cir. 2003);

12    *United States ex rel. Newsham v. Lockheed Missiles and Space Co.*, 190 F. 3d 963, 971 (9th

13    Cir. 1999).

14    As a matter of law, the third and fourth causes of action should be dismissed without

15    leave to amend because the Anti-SLAPP statute is constitutional.

16    C.    The First and Second Causes of Action Should Be Dismissed

17    1.    The Court lacks jurisdiction over the state law claims.

18    In federal question cases, a valid federal claim must be pleaded before a federal court

19    can exercise pendent jurisdiction. *Hunter v. United Van Lines*, 746 F. 2d 635, 649 (9th Cir.

20    1984) ("it makes no sense to speak of pendent (supplemental) jurisdiction until after a court

21    has independently acquired jurisdiction over a federal cause of action").  Where a plaintiff's

22    federal claims are all dismissed for lack of subject matter jurisdiction, the court has no

23    discretion to retain supplemental jurisdiction over the plaintiff's state law claims. *Scott v.*

24    *Pasadena Unified School Dist.*, 306 F. 3d 646, 664 (9th Cir. 2002) (because federal claims

25    were dismissed for lack of constitutional standing, the court could not retain jurisdiction).

26    For the reasons stated above, Plaintiff's federal constitutional claims should be

27    dismissed without leave to amend.  Without those federal claims, the Court does not have

28

1   subject matter jurisdiction over Plaintiff's state law defamation claims.[5]  The Court must

2   dismiss his state law claims.  *Hodge v. Mountain States Telephone and Telegraph Co.*, 555

3   F. 2d 254, 261 (9th Cir. 1977) ("When a district court dismisses all federal claims prior to

4   trial, it should not retain jurisdiction over pendent state claims").

5           2.      Plaintiff's state law defamation claims are barred by collateral estoppel.

6           On August 21, 2007, Plaintiff filed an appeal of the Santa Clara County Superior

7   Court's order calculating the award for attorneys' fees and costs on remand.  Amended

8   Federal Complaint, ¶ 56.  Though that appeal will not prevent the state court's substantive

9   decision to strike his state law defamation claims from eventually having res judicata effect,

10  his appeal delays the inevitable claim preclusion of the State Court Action, as he no doubt

11  knows.  However, even if claim preclusion has not yet attached, Plaintiff is still barred from

12  pursuing the defamation claims by issue preclusion.

13          The Anti-SLAPP statute applies to state law claims in federal court.  *Vess*, 317 F. 3d

14  at 1109 ("Motions to strike a state law claim under California's Anti-SLAPP statute may be

15  brought in federal court").  Plaintiff's defamation causes of action must be dismissed

16  because the California courts have already dismissed those claims on the merits pursuant to

17  the Anti-SLAPP statute, ruling that Plaintiff's state law defamation claims constitute a

18  SLAPP suit against the defendants and that Plaintiff's evidence did not show that he could

19  prevail on his claims.  Anti-SLAPP Order, p. 2.

20          Collateral estoppel applies where (1) the issues in both proceedings are identical;

21  (2) the issue in the prior proceeding was actually litigated and actually decided; (3) the

22  decision in the former proceeding is final; and (4) the party against whom preclusion is

23  sought is the same as, or in privity with, the party to the former proceeding.  *Lucido v.*

24  *Superior Court*, 51 Cal. 3d 335, 341 (1990).  Plaintiff sued Stanford and Young in the State

25  ─────────────────

26  [5]      Plaintiff makes a passing parenthetical reference to "(Diversity Jurisdiction)" in his
         complaint (Amended Federal Complaint, at 2:03), but he does not supply any basis for it.
27  To the contrary, he alleges that he "at all relevant times, was a resident of the County of
         Santa Clara, California."  *Id.* ¶ 1.
28

1    Court Action for defamation and defamation per se, and Stanford and Young obtained a

2    final decision on the merits in the State Court Action. *Varian Medical Systems, Inc. v.*

3    *Delfino*, 35 Cal. 4th 180, 193 (2005) ("granting a motion to strike under section 425.16

4    results in the dismissal of a cause of action on the merits"). The defamation issues alleged

5    in the Amended Federal Complaint are the exact same issues alleged in the State Complaint

6    against the same two defendants and decided by the Santa Clara County Superior Court and

7    affirmed on appeal. *Compare* Amended Federal Complaint, ¶¶ 1-17, 57-68 *with* State

8    Complaint, ¶¶ 1-17, 18-28; Cal. App. Decision, pp. 12-17, 24-25.

9         Stanford and Young moved to strike the complaint pursuant to California Code of

10    Civil Procedure § 425.16, and the Santa Clara County Superior Court decided that "[t]he

11    alleged statements by Young to the police are protected speech because they are statements

12    made before an official proceeding authorized by law. The alleged statements by Young to

13    Stanford colleagues and administrators and by Stanford administrators to campus police

14    and other personnel are protected speech because they are statements made in connection

15    with an issue under consideration or review by an official proceeding authorized by law."

16    Anti-SLAPP Order, p. 2 (citations omitted). The court also decided that Plaintiff "failed to

17    meet his burden. Plaintiff has provided no evidence to show that he can prevail on his

18    causes of action." *Id.* The Santa Clara County Superior Court's decision on these issues

19    was affirmed on appeal. Cal. App. Decision, pp. 12-17, 24-25. The California Supreme

20    Court denied Plaintiff's petition for review on January 17, 2007. Cal. Supreme Court

21    Order, p. 1. For purposes of collateral estoppel, Plaintiff's defamation issues have been

22    conclusively decided in defendants' favor.

23         Plaintiff's recent appeal of the calculation of attorneys' fees and costs does not

24    prevent the state court's decision from having collateral estoppel effect. "The rules of res

25    judicata are applicable only when a final judgment is rendered. However, for purposes of

26    *issue preclusion* (as distinguished from merger and bar), 'final judgment' includes any prior

27    adjudication of an issue in another action that is determined to be *sufficiently firm to be*

28    *accorded conclusive effect*...the judgment must ordinarily be a firm and stable one, the 'last

1    word' *of the rendering court*—a 'final judgment.'"    *Sandoval v. Superior Court*, 140 Cal.

2    App. 3d 932, 936 (1983) (quoting Restatement 2d Judgments § 13) (emphasis in original).

3    "[T]o hold invariably that that kind of carry-over is not to be permitted until a final

4    judgment in the strict sense has been reached in the first action can involve a hardship—

5    either needless duplication of effort and expense in the second action to decide the same

6    issue." *Id.* "[T]hat the parties were fully heard, that the court supported its decision with a

7    reasoned opinion, that the decision was subject to appeal or was in fact reviewed on appeal,

8    are factors supporting that the decision is final for purposes of preclusion." *Id.* All of these

9    factors are present in this case. The two causes of action for defamation must be dismissed

10   as barred by collateral estoppel.

11       V.    CONCLUSION.

12       Plaintiff's efforts to relitigate claims resolved against him in the California state

13   courts should be rejected. Each cause of action should be dismissed without leave to

14   amend.

15       Dated: August 31, 2007.

16                                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                                      SARAH G. FLANAGAN
17                                    JASON A. CATZ
                                      50 Fremont Street
18                                    Post Office Box 7880
                                      San Francisco, CA  94120-7880
19

20
                                      By _____/s/ Jason A. Catz_____
21                                        Attorneys for Defendants STANFORD
                                          UNIVERSITY and MAIA YOUNG
22

23

24

25

26

27

28