1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    SARAH G. FLANAGAN  70845
2    sarah.flanagan@pillsburylaw.com
    JASON A. CATZ  224205
3    jason.catz@pillsburylaw.com
    50 Fremont Street
4   Post Office Box 7880
    San Francisco, CA  94120-7880
5   Telephone: (415) 983-1000
    Facsimile: (415) 983-1200
6
    Attorneys for Defendants
7   STANFORD UNIVERSITY and MAIA YOUNG

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11   _____
                                        )
12   SOREN ANDERSEN,                    )        No. C-07-03766 (JW)
                                        )
13                   Plaintiff,         )        [PROPOSED] ORDER GRANTING
                                        )        STANFORD UNIVERSITY'S AND
14        vs.                           )        MAIA YOUNG'S MOTION TO
                                        )        DISMISS FIRST AMENDED
15   MAIA YOUNG, an individual; STANFORD )       COMPLAINT PURSUANT TO FRCP
     UNIVERSITY, a business entity unknown; )    12(b)(1) AND (6)
16   and DOES 1-100, inclusive,         )
                                        )        Date:      November 19, 2007
17                   Defendants.        )        Time:      9:00 a.m.
                                        )        Dept.:     Courtroom 8
18   _____ )          Judge:     Hon. James Ware

19        Defendants STANFORD UNIVERSITY and MAIA YOUNG submit the attached

20   proposed order.

21        Dated:  August 31, 2007.

22                                      PILLSBURY WINTHROP SHAW PITTMAN LLP
                                        SARAH G. FLANAGAN
23                                      JASON A. CATZ
                                        50 Fremont Street
24                                      Post Office Box 7880
                                        San Francisco, CA  94120-7880
25

26                                      By _____/s/ Jason A. Catz_____
                                            Attorneys for Defendants STANFORD
27                                          UNIVERSITY and MAIA YOUNG

28

1              UNITED STATES DISTRICT COURT

2           NORTHERN DISTRICT OF CALIFORNIA

3                SAN JOSE DIVISION

4  _____

5  SOREN ANDERSEN,        )          No. C-07-03766 (JW)
                     )

6            Plaintiff,    )    [PROPOSED] ORDER GRANTING
                     )    STANFORD UNIVERSITY'S AND

7      vs.                )    MAIA YOUNG'S MOTION TO
                     )    DISMISS FIRST AMENDED

8  MAIA YOUNG, an individual; STANFORD )  COMPLAINT PURSUANT TO FRCP
    UNIVERSITY, a business entity unknown; )  12(b)(1) AND (6)

9  and DOES 1-100, inclusive,    )
                     )    Date:     November 19, 2007

10          Defendants.  )    Time:     9:00 a.m.
                     )    Dept.:    Courtroom 8

11                     )    Judge:   Hon. James Ware
  _____)

12

13        The Court has considered the papers submitted in support of and in opposition to,

14  and has heard oral argument in connection with, Defendants STANFORD UNIVERSITY's

15  and MAIA YOUNG's Motion to Dismiss First Amended Complaint Pursuant to F.R.C.P.

16  12(b)(1) and (6), filed August 31, 2007 and the Request for Judicial Notice filed in

17  connection with that motion.

18        All four of Plaintiff's causes of action are barred by the *Rooker-Feldman* doctrine.

19  This Court does not have jurisdiction over the claims in this case because Plaintiff lost on

20  his defamation claims in state court, complains of injuries caused by the state court

21  judgment, and asks this Court to review and reject the state court judgment, which became

22  final for *Rooker-Feldman* purposes on January 17, 2007.  *See Henrichs v. Valley View Dev.*,

23  474 F. 3d 609, 612-13 (9th Cir. 2006); *Mothershed v. Justices of Supreme Court*, 410 F. 3d

24  602, 604 fn. 1 (9th Cir. 2005).

25        Independent of this ground for dismissal, there are alternative grounds for dismissal

26  of each cause of action.  Plaintiff does not and cannot allege the requisite state action to

27  pursue the third and fourth causes of action against Stanford and Young.  Defendants'

28

1   actions in filing the Anti-SLAPP motion do not constitute the kind of joint activity with the

2   state necessary to satisfy the state action requirement. *Lugar v. Edmonson Oil Co.*, 457

3   U.S. 922, 941 (1982); *Wilson v. Hilton*, 2000 U.S. Dist. LEXIS 22685 at *8 (N.D. Cal.

4   2000). Plaintiff concedes in his complaint that Stanford is a private university, and private

5   universities are not considered state actors in the absence of control of the private

6   university's action by the state (*See Greenya v. George Washington University*, 512 F. 2d

7   556, 561 (D.C. App. 1975)), which was not alleged here.

8        Plaintiff's third and fourth causes of action also fail because California Code of

9   Civil Procedure § 425.16 does not unduly burden Plaintiff's right to petition for redress of

10   grievances. *Equilon Enterprises, LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 63-64

11   (2002).

12        Plaintiff's third cause of action does not and cannot allege a constitutionally

13   protected association as the basis for the claimed violation of his right to freedom of

14   association. *IDK v. County of Clark*, 836 F. 2d 1185, 1191-92 (9th Cir. 1988) (citing

15   *Roberts v. United States Jaycees*, 468 U.S. 609 (1984)). Plaintiff's allegation that he was

16   denied the opportunity to participate in a yoga class allegedly open to the public does not

17   involve constitutionally protected association.

18        Plaintiff's third cause of action was filed more than one year after he was banned

19   from the yoga classes. His third cause of action, insofar as it alleges the violation of a

20   constitutionally protected association, is therefore time-barred. *Western Center for*

21   *Journalism v. Cederquist*, 235 F. 3d 1153, 1156 (9th Cir. 2000).

22        Because the third and fourth causes of action are dismissed, this Court does not have

23   pendent jurisdiction over the state law defamation claims in Plaintiff's first and second

24   causes of action. *Scott v. Pasadena Unified School Dist.*, 306 F. 3d 646, 664 (9th Cir.

25   2002).

26        The first and second causes of action also fail because they are barred by collateral

27   estoppel. The Anti-SLAPP statute applies to state law claims in federal court. *Vess v. Ciba-*

28   *Geigy Corp.*, 317 F. 3d. 1097, 1109 (9th Cir. 2003). The California courts have already

1    ruled that Plaintiff's state law defamation claims constitute a SLAPP suit against the

2    Defendants and that Plaintiff's evidence did not show that he could prevail on his claims.

3    Plaintiff is not entitled to relitigate these issues again in this Court. *Lucido v. Superior*

4    *Court*, 51 Cal. 3d 335, 341 (1990).

5          IT IS THEREFORE ORDERED AS FOLLOWS:

6          1.    Defendants' request for judicial notice is GRANTED.

7          2.    Defendants' motion to dismiss the First Amended Complaint for Defamation

8    and First Amendment Violations is GRANTED without leave to amend.

9

10    Dated: _____, 2007.

11

12                                            _____

                                              Hon. James Ware
13                                            United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28