United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Soren Andersen, | NO. C 07-03766 JW |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE** |
| v. | |
| Maia Young, et al., | |
| Defendants. | |

## I. INTRODUCTION

Soren Andersen ("Plaintiff"), in *pro per*, brings this action against Maia Young and Stanford University (collectively, "Defendants") alleging, *inter alia*, violation of his civil rights under the First Amendment. Plaintiff alleges that Defendants violated his freedom of association by unlawfully barring him from attending yoga classes at Stanford University. Presently before the Court is Defendants' Motion to Dismiss the First Amended Complaint. (hereafter, "Motion," Docket Item No. 17.) The Court conducted a hearing on January 14, 2008.[1] Based on the papers submitted to date and oral arguments of counsel, the Court GRANTS Defendants' motion to dismiss with prejudice.

---

[1] Plaintiff did not appear at the hearing. Plaintiff had indicated in his opposition papers that he would not appear at the hearing because he currently resides in Denmark. (Plaintiff's Opposition to Defendant's Motion to Dismiss at 12, hereafter, "Opposition," Docket Item No. 39.)

## II.  BACKGROUND

In an Amended Complaint filed on August 21, 2007, Plaintiff alleges as follows:

Plaintiff began graduate studies at Stanford University in the fall of 2002.[2] Plaintiff also joined Stanford's Aerobics and Yoga Club ("SAY"). (Id.) In the fall of 2003, Defendant Young began instructing yoga classes for SAY. (Id. ¶ 7.) Plaintiff attended classes taught by Young. (Id. ¶¶ 7-8.) Plaintiff and Young exchanged several emails pertaining to their yoga practice. (Id. ¶ 8.) In November 2003, after a series of email exchanges, Young indicated to Plaintiff that she wished to keep their relationship to that of instructor and student. (Id. ¶ 12.) Plaintiff ceased attending Young's classes. (Id.)

In January 2004, Plaintiff sent Young a book. (Id. ¶ 13.) In March 2004, Plaintiff contacted Young three times regarding return of the book. (Id.) Plaintiff again contacted Young in April 2004 concerning Young's yoga classes. (Id. ¶ 14.) Plaintiff subsequently resumed attending Young's classes. (Id.)

In May 2004, Young reported to the Menlo Park Police Department that some of her personal property had been vandalized at her residence. (Id. ¶ 15.) Young informed the police that although she didn't think Plaintiff was responsible, she felt Plaintiff was unstable and wanted him to stop attending her yoga classes. (Id., Ex. 5.) Young also informed SAY coordinators that she was uncomfortable with Plaintiff attending her class. (Id. ¶ 16.) Plaintiff then met with Stanford University Officials regarding the situation. (Id. ¶ 18.) After the meeting, Stanford prohibited Plaintiff from attending any yoga classes organized by SAY and barred him from being in the same vicinity as Young. (Id. ¶ 19) Stanford safety officers and SAY officials were instructed to report Plaintiff to the police if he violated the ban. (Id.)

---

[2] (First Amended Complaint for Defamation and First Amendment Violations ¶ 6, hereafter, "FAC," Docket Item No. 12.)

2

On July 13, 2004, Plaintiff filed a complaint for defamation in California State Court. (Id. ¶ 20.) On August 30, 2005, the Santa Clara County Superior Court granted Defendants' motion to dismiss Plaintiff's complaint under California's Anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute. (Id. ¶ 27.) The court also awarded Defendants $79,776.30 in attorney fees and costs. (Id. ¶ 34.) Plaintiff appealed the dismissal and the award of attorney fees and costs. (Id. ¶¶ 31, 35.) On November 6, 2006, the California District Court of Appeals affirmed the dismissal but remanded the case for recalculation of the award of fees. (Id. ¶ 43.) On January 17, 2007, the California Supreme Court denied Plaintiff's petition for review. (Id. ¶ 47.) On June 22, 2007, the Superior Court reduced the award of attorney fees and costs to $58,036.30. (Id. 48.)

Plaintiff also filed disciplinary complaints with the California Bar Association ("CBA") and the California Commission on Judicial Ethics ("CCJE") against his attorneys and against Defendants' attorneys. (Id. ¶¶ 50-53.) The CBA and the CCJE found that neither attorney had violated State Bar rules and declined to take any action. (Id.)

On the basis of the allegations outlined above, Plaintiff alleges three causes of actions: (1) defamation, (2) defamation per se, and (3) violation of First Amendment rights.[3]

Presently before the Court is Defendants' motion to dismiss the First Amended Complaint.

### III. STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a motion to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion may be either facial, where the inquiry

---

[3] The Complaint lists a Fourth Cause of Action containing a single paragraph which reads as follows:
> 73. After more than three years in the entire California State Court's system, without the issues raised in Plaintiff's complaint for defamation having yet been evaluated, and additionally with a decision of payment of Defendants' attorneys' fees and costs in the amount of $58,036.30, Plaintiff is herewith filing this complaint, entitled First Amended Complaint for Defamation and First Amendment Violations, with this Federal Court's Government Officials for a redress of grievances as set forth herein above.

The Court finds that this paragraph does not allege a cause of action cognizable under state or federal law.

is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). On a facial challenge, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. See Wolfe, 392 F.3d at 362; Thornhill Publ'g Co. v. Gen. Tel. Elecs., 594 F.2d 730, 733 (9th Cir. 1979). When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). However, in the absence of a full-fledged evidentiary hearing, disputes in the facts pertinent to subject matter are viewed in the light most favorable to the opposing party. Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996). The disputed facts related to subject-matter jurisdiction should be treated in the same way as one would adjudicate a motion for summary judgment. Id.

## IV. DISCUSSION

Defendants move to dismiss all three causes of action on the ground that they are barred by the Rooker-Feldman Doctrine. (Motion at 7.)

A federal district court does not have the authority to adjudicate the case before it when subject matter jurisdiction is lacking. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994). Under what is known as the "Rooker-Feldman" doctrine, a federal district court has no authority to review the final determinations of a state court in judicial proceedings. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). Instead, the proper court in which to obtain such review is the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476. The Rooker-Feldman doctrine precludes federal district courts from reviewing decisions of both the state's highest court and its

4

lower courts. See Dubinka v. Judges of Superior Court, 23 F.3d 218, 221 (9th Cir. 1994). A challenge under the Rooker-Feldman doctrine is a challenge for lack of subject matter jurisdiction and may be raised at any time by either party or *sua sponte* by the Court. Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir. 1998).

As the Ninth Circuit has held:

> The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over any claim that is "inextricable intertwined" with the decision of a state court, even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principle. Thus, *Rooker-Feldman* bars federal adjudication of any suit in which a plaintiff alleges an injury based on a state court judgment and seeks relief from that judgment, not only direct appeals from a state court's decision.

Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir. 2003) (internal citations omitted); see also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006). "The purpose of the doctrine is to protect state judgments from collateral federal attack." Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001).

In this case, Plaintiff concedes that he has been "through the entire California State Court's system." (Complaint ¶ 54.) On the face of Plaintiff's Complaint, it is clear that the California Superior Court granted Defendants' motion to strike under the anti-SLAPP statute. The California District Court of Appeals affirmed that decision. The California Supreme Court denied review. Plaintiff's grievance before this Court is that the California courts wrongfully dismissed his action under the anti-SLAPP statute without addressing the merits of his complaint. (Id. ¶ 72; Opposition at 8.) In essence, Plaintiff seeks to indirectly reverse the California courts' decisions by alleging a First Amendment violation.[4] Under the Rooker-Feldman doctrine, the Court lacks jurisdiction over such a claim.

---

[4] Plaintiff's claim under the First Amendment alleges that (1) Stanford violated his right to freedom of association by banning him from attending SAY activities and (2) the California anti-SLAPP provision is unconstitutional because it prevents him from petitioning the government for redress of grievances. (Complaint ¶ 73.)

5

Plaintiff contends that Exxon Mobile v. Saudi Basic Indus. Corp.[5] and Lance v. Dennis[6] narrowed the Rooker-Feldman doctrine so as to make it apply only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered *before* the district court's proceedings commenced and inviting district court review and rejection of those judgments." (Opposition at 8, emphasis in original.) According to Plaintiff, the Rooker-Feldman doctrine does not apply in this case because the state court had not issued a final judgment before this case was filed. (Id.)

Plaintiff's reliance on Exxon Mobile and Dennis is misplaced. In Exxon Mobile, the Supreme Court held that the Rooker-Feldman doctrine does not void the jurisdiction of an already commenced federal action if a parallel state action subsequently reaches judgment.[7] 544 U.S. at 292. In Dennis, the Supreme Court held that the Rooker-Feldman doctrine does not prevent plaintiffs who were not parties to a state court proceeding from bringing a similar action in federal court. 546 U.S. at 465. However, neither Exxon Mobile nor Dennis held that the Rooker-Feldman doctrine applies only if a final judgment is issued. Moreover, even if a final decision is required under the Rooker-Feldman doctrine, Plaintiff's claims would still be barred. Under California law, a dismissal under the anti-SLAPP statute constitutes a dismissal on the merits of Plaintiff's defamation claims. Varian Med. Sys., Inc. v. Delfino, 35 Cal. 4th 180, 193 (2005). Plaintiff filed his Complaint after the state court's dismissal. Accordingly, the Rooker-Feldman doctrine applies and the Court lacks subject matter jurisdiction over this action.

//

---

[5] 544 U.S. 280 (2005).

[6] 546 U.S. 459 (2006).

[7] However, in such a situation, the federal court may be barred by res judicata from rehearing matters already decided in the state case. Exxon Mobile, 544 U.S. at 292.

6

## V. CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss. Since amendment would not cure the defect in jurisdiction, Plaintiff's First Amended Complaint is dismissed with prejudice.

Dated: May 14, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jason A Catz jason.catz@pillsburylaw.com
Robert John Nolan robert.nolan@pillsburylaw.com
Sarah G. Flanagan sarah.flanagan@pillsburylaw.com

Soren Andersen
Postboks 1146
DK-1010
Copenhagen, DM

**Dated: May 14, 2008**                         **Richard W. Wieking, Clerk**

                                                **By:  /s/ JW Chambers**
                                                       **Elizabeth Garcia**
                                                       **Courtroom Deputy**